# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES KLINE, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No. CV 13-4176 JCG <br><br> **MEMORANDUM OPINION AND ORDER** |

Matthew James Kline ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the opinion of his examining physician. (Joint Stip. at 3-5.) The Court agrees with Plaintiff for the reasons stated below.

    A.    <u>The ALJ Failed to Provide Specific and Legitimate Reasons For Rejecting Dr. Adi Klein's Examining Opinion</u>

An ALJ may reject the controverted opinion of an examining physician only for "specific and legitimate reasons that are supported by substantial evidence." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008)

1  (quoting *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).

2      Here, albeit never expressly stating that he rejected Dr. Klein's opinion, the
3  ALJ failed to incorporate her limitation that "Plaintiff can *only occasionally* handle
4  with his hands bilaterally." (Joint Stip. at 5; Administrative Record ("AR") at 16,
5  195-97) (emphasis added). To the contrary, in his RFC determination, the ALJ
6  found that Plaintiff is limited to "frequent . . . fine and gross manipulation
7  bilaterally. (AR at 12.) Moreover, the ALJ failed to provide any rationale for his
8  implicit rejection of Dr. Klein's handling restriction specifically, or her opinion
9  generally. (*See id.* at 16.) Accordingly, the ALJ's decision is not supported by
10 substantial evidence.

11     B.    <u>Remand is Warranted</u>

12     With error established, this Court has discretion to remand or reverse and
13 award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no
14 useful purpose would be served by further proceedings, or where the record has been
15 fully developed, it is appropriate to exercise this discretion to direct an immediate
16 award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).
17 But where there are outstanding issues that must be resolved before a determination
18 can be made, or it is not clear from the record that the ALJ would be required to find
19 plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.
20 *See id.* at 594.

21     Here, in light of the ALJ's error, the credibility of Dr. Klein must be properly
22 assessed. Therefore, on remand, the ALJ shall reevaluate her opinion and either
23 credit it as true, or provide valid reasons for any portion that is rejected.

24     Based on the foregoing, IT IS ORDERED THAT judgment shall be entered
25 **REVERSING** the decision of the Commissioner denying benefits and
26 **REMANDING** the matter for further administrative action consistent with this

27
28

decision.[1]

Dated: February 19, 2014

                                                              /s/ _____
                                                              Hon. Jay C. Gandhi
                                                              United States Magistrate Judge

---

[1] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contention. (*See* Joint Stip. at 8-12.)

3